**AKAPO KOFE AKAPO, Appellant,**

**v.**

**LUFILUFI LAFOIA AVA PENEUETA, Appellee.**

---

**[In re Matai Title "AVA" of the Village of Pava`ia`i]**

High Court of American Samoa
Appellate Division

AP No. 08-03

May 5, 2004

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Appellant, Arthur Ripley, Jr.
   For Appellee, S. Salanoa Aumoeualogo

## OPINION AND ORDER

RICHMOND, Associate Justice:

This case involves a dispute over the succession to the Ava *matai* title in the village of Pava`ia`i. The Ava title became vacant in 1997 following the death of Ava Vili, Jr. Appellant Akapo Kofe Akapo ("Akapo") contends that the trial court erred in its order and opinion awarding the Ava *matai* title to Appellee Lufilufi Lafoia Ava Peneueta ("Lufilufi") by: (1) declining to adjudicate Appellant's eligibility to hold the Ava title before analyzing the statutory factors; (2) denying Appellant's post-trial motion to allow DNA evidence; and (3) determining three of the four statutory factors in favor of Appellee. For the following reasons, we AFFIRM the trial court's decision.

## Background

On April 19, 2001, Lufilufi offered the Ava title for registration with the Office of the Territorial Registrar. On June 15, 2001, Akapo timely filed his objection and counterclaim with the Territorial Registrar. Pursuant to A.S.C.A. § 43.0302, the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute after the parties failed to resolve their claims. Accordingly, the case was referred to the High Court for resolution. *In re Matai Title "Ava," * 7 A.S.R.3d 211 (Land & Titles Div. 2003).

Trial was held on June 3 and 4, 2002. On June 4, 2002, following testimony that Akapo was actually born in Savaii, Samoa, Lufilufi filed a motion to dismiss Akapo's claim arguing that Akapo is ineligible to hold the Ava title under A.S.C.A. § 1.0403(b). After the close of evidence but prior to submitting closing arguments, Akapo filed a motion for DNA testing. Lufilufi opposed the motion. On September 24, 2002, the trial court denied the motion for DNA testing.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

On January 8, 2003, the trial court awarded the Ava title to Lufilufi. The court found Lufilufi prevailed over Akapo on the first, second and fourth criteria used in determining *matai* title succession. In light of this outcome, the court declined to address Lufilufi's motion to disqualify Akapo. Akapo filed a motion for a new trial or reconsideration which was denied by the trial court on May 1, 2003. On May 9, 2003, Akapo filed a notice of appeal.

## Discussion

### I. Standard of Review

We review the trial court's evidentiary rulings for abuse of discretion. *Freeman v. Allstate Life Ins. Co*, 253 F.3d 533, 536 (9th Cir. 2001). The trial court's factual determinations are reviewed for clear error. *See In re Matai Title "Tauaisafune,"* 6 A.S.R.2d 59, 61 (App. Div. 1987). The test for clear error is "not whether facts in the record may support a decision for an appellant, but whether sufficient evidence supported the trial court's decision." *Toleafoa v. Am. Samoa Gov't*, 26 A.S.R.2d 20, 21 (App. Div. 1994).

### II. Eligibility

During the trial, Lufilufi's counsel filed a motion to dismiss Akapo's claim arguing that under A.S.C.A. § 1.0403(b) Akapo is not eligible to hold the Ava title. At trial, the court informed the parties it was taking the motion under advisement and would address the issue in the final decision. (Trial Tr. at 144.) In its opinion, the trial court declined to decide whether Akapo was eligible for the Ava title. Instead, after finding in favor of Lufilufi on three of the four factors, the trial court determined it was unnecessary to decide Lufilufi's motion to disqualify Akapo. *In re Matai Title "Ava,"* 7 A.S.R.3d at 213, n.1.

Akapo argues that a determination of eligibility is a condition precedent to applying the four statutory factors. He argues that if the court had determined that he was ineligible to succeed to the *matai* title, the case should have been dismissed, Lufilufi should have been required to re-register, and other family members would have been able to object and file counterclaims. (Appellants' Br. at 13-14.)

Akapo's understanding is incorrect. If the trial court had determined that Akapo was ineligible to hold the Ava title, Akapo's counterclaim would have been dismissed and Lufilufi would have prevailed. A.S.C.A. § 1.0407 provides, "[f]or a period of 60 days immediately following the posting of notice . . . any interested person may file a counterclaim or objection." Accordingly, if family members decide to support a particular candidate rather than file a timely objection or counterclaim,

they are resigned to the court's determinations of eligibility and merit regarding their chosen candidate. Therefore, even if the trial court should have made a determination regarding eligibility before analyzing the four factors, the outcome would have been the same. *See, e.g., In re Matai Title "Fonoti,"* 20 A.S.R.2d 22, 25-26 (Land & Titles Div. 1991) (ordering one candidate be registered as the successor to a *matai* title after the other candidate was found ineligible). As such, we will not disturb the trial court's decision.

## III. DNA Testing

■ The trial court denied Akapo's post-trial motion for DNA testing finding that he "presented no good reason, at this stage of the proceedings, to reopen the record for the taking of new and additional evidence." *In re Matai Title "Ava,"* MT No. 09-01, Order denying Motion for DNA Testing at 1 (Land & Titles Div. Sept. 24, 2002). Appellant argues that the trial court should have reopened the case because "Akapo . . . w[as] willing and ready to pay the expenses," because "[t]he court also had trouble resolving the conflict in the pedigrees proffered,"[1] and because "DNA testing would have provided scientific evidence of whether or not the candidate . . . descended from Tulifaga Lafoia." (Appellant's Br. at 15.) The trial court acted within its discretion in denying Akapo's motion to allow DNA evidence post-trial. *See, e.g., Compass Tech., Inc. v. Tseng Labs., Inc.,* 71 F.3d 1125, 1130 (3rd Cir. 1995) (setting forth the requirements for the admission of new evidence).

## IV. The Statutory Factors

A.S.C.A. § 1.0409 lists the four factors in order of priority that the trial court should take into consideration when determining *matai* title succession cases:

> (c) In the trial of title cases, the High Court shall be guided by the following considerations, in the priority listed:
> (1) the best hereditary right, as to which the male and female descendants are equal in families where this has been customary; otherwise, the male descendent prevails over the female;

---

[1] Although the trial court acknowledged in its opinion that there were conflicting views regarding Lufilufi's hereditary right to the Ava title, it did not claim it had trouble resolving the conflict. Indeed, Appellant cites to Judge Logoai's questioning of one witness, Pagofie Fiaigoa, to corroborate his argument. (Appellant's Br. at 15 n.8.) However, this questioning occurred early in the trial before Lufilufi's corroborating witnesses were called.

34

(2) the wish of the majority or plurality of those clans of the family as customary in that family;

(3) the forcefulness, character and personality of the persons under consideration for the title, and their knowledge of Samoan customs; and

(4) the value of the holder of the title to the family, village, and country.

A.S.C.A. § 1.0409(c). Akapo contends that the trial court erred by finding in favor of Lufilufi on the first, second and fourth criteria.

## A. Best Hereditary Right

■ The witnesses at trial disagreed about the paternity of Lufilufi's father. It is through her paternal grandfather, Ava Lafoia Tulilefaga ("Tulilefaga"), that Lufilufi claims her 25% heredity right. The trial court decided the conflicting family accounts in favor of Lufilufi. In making its determination, the trial court relied on the testimony of Lufilufi, which was corroborated by other witnesses including her paternal aunt, Folole Tulilefaga Ava ("Folole"). *In re Matai Title "Ava,"* 7 A.S.R.3d at 212. Appellant argues that the trial court erred in crediting Folole's testimony over Taeaoleilei Tialavea, a witness for Akapo and a daughter of Tulilefaga. (Appellant's Br. at 16.) However, "[t]he reviewing court accords particular weight to the trial judge's assessment of conflicting and ambiguous facts." *Roman Catholic Diocese of Samoa Pago Pago v. Avegalio*, 20 A.S.R.2d 70, 73 (App. Div. 1992). There was substantial evidence to support the trial court's finding on this factor and, therefore, the trial court's finding was not clearly erroneous.

## B. Clan Support

The trial court was also presented with conflicting testimony on this issue. Appellant acknowledges that "[a]t the very least, there was evidence that members from each of the four clans supported both Akapo and Lufilufi . . . ." (Appellant's Br. at 16.) Lufilufi and Akapo both testified that they received support from each clan. "[I]t is not the province of the appellate court to determine the credibility of conflicting evidence." *American Samoa v. Makuati*, 1 A.S.R. 663, 664 (App. Div. 1938) (citations omitted). The trial court's determination in favor of Lufilufi on this factor was supported by substantial evidence.

## C. Value to Family, Village, and Country

■ The trial court found that Lufilufi's value to her family and village was superior to that of Akapo, and that Akapo's value to his country was superior to that of Lufilufi. As such, the trial court found that Lufilufi prevailed on this factor. *In re Matai Title "Ava,"* 7 A.S.R.3d at 213. In

35

determining this factor, the trial court noted that Lufilufi renders tautua to the village of Pava`ia`i and has done so her entire life. The trial court also noted that Lufilufi has been raised with the Ava family and is better acquainted with the family's needs. The trial court found that Akapo's main ties are to the village of Vaitogi, where he currently holds a *matai* title. *See In re Matai Title "Fagaima,"* 4 A.S.R. 83, 90-91 (Land & Titles Div. 1973) ("We have said many times that a claimant who lives in the family and the village is more familiar with members and the needs of family members than the claimant who has never lived in the family or village."). The record amply supports these findings and they are not clearly erroneous.

### Conclusion

For the aforementioned reasons, the trial court's decision is AFFIRMED.

It is so ordered.